(21 App. Div. 416.)

GRAHAM v. ACKLEY.

(Supreme Court, Appellate Division, First Department. October 22, 1897.)

1. DISMISSAL FOR WANT OF PROSECUTION—DISCRETION OF COURT.
    For three years after joining of issue in an action of ejectment, no steps were taken to bring the case to trial, and younger issues were reached in their regular order on the calendar and tried. Another action of ejectment by plaintiff against another defendant had been pending, and it was on the calendar, and ready for trial. It was in dispute whether it alone was to be prosecuted as a test case. Defendant might, at his option, have put the case on the calendar, and moved it for trial when reached in its order, but he did not do so. *Held*, that a motion to dismiss for want of prosecution might properly be denied on reasonable conditions, under General Rule 36, and Code Civ. Proc. § 822, providing that, where plaintiff unreasonably neglects to prosecute the action, the court may, in its discretion, dismiss the complaint.

2. SAME—CONDITIONS OF RELIEF—REASONABLENESS.

> Should plaintiff recover, he would take the premises free from all liens. The conditions on which the motion to dismiss were denied were that plaintiff should consent to the creation of a lien in favor of defendant upon the land in a large sum, in addition to paying costs. *Held*, that the conditions were unreasonable.

Appeal from special term.

Ejectment by Mary Eliza Graham against J. Edward Ackley. Defendant moved to dismiss the complaint for want of prosecution, and from an order denying the motion on certain conditions, plaintiff appeals. Affirmed on conditions.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Truman H. Baldwin, for appellant.

Paul M. Turner, for respondent.

RUMSEY, J. The action was ejectment, and the complaint contained the usual allegations. The answer was peculiar in its structure, and consisted of a denial upon information and belief of the plaintiff's title, an admission that the defendant is in possession and occupancy of the premises, but a denial that his possession is unlawful. Issue was joined by service of this answer about the 1st of June, 1894. No steps seem to have been taken by either party to bring the case to trial, and it appears, and is not disputed, that younger issues than this had been reached in their regular order on the calendar and tried before this motion was made. Upon that state of facts, the court clearly had authority, in its discretion, to dismiss the plaintiff's complaint for a failure to prosecute the action. Code Civ. Proc. § 822; Gen. Rule 36. But it is not imperative upon the court to make an order of this kind. Whether it shall do so or not is discretionary, and depends upon whether the plaintiff offers a sufficient excuse for his failure to try the case. In this case it has been made to appear, and is not practically disputed, that the plaintiff, about the time that this action was brought, brought several other actions against different defendants, to recover other lands in the same vicinity, which she claimed under the same title as that relied upon in this action. One of these actions was upon the calendar and ready for trial shortly before this motion was made. The plaintiff claims that the parties to the other actions were awaiting the result of this particular action before proceeding further with the cases. This, however, is denied by the defendant. It is not disputed, however, that the defendant, although he was at liberty to have put this case upon the calendar had he seen fit, and thereby obtain the right to move it when it was reached in its order, did not choose to do so, but permitted it to stand undisposed of, for some reason which is not made to appear. It is quite true that the defendant was not called upon to put the case on the calendar, and that he might, if he preferred, do just as has been done in this case, relying upon his motion to dismiss the complaint if younger issues had been tried before the plaintiff moved the case. But where he sees fit to pursue that course, and does not show any disposition on his own part to press the case for trial, that fact is of some weight, as excusing the plaintiff,

when a motion of this kind has been made. Heymer v. Arthur (Sup.) 7 N. Y. Supp. 437. Upon all the facts, although the case was a proper one for the court to make an order dismissing the complaint, had it seen fit to do so, yet there was sufficient to warrant it, in the exercise of its discretion, in denying the motion upon such conditions as might be just, and giving to the plaintiff, although she was in default, the right to continue the prosecution of her action. This seems to have been the view taken of the case by the learned justice at special term, who denied the motion upon certain conditions. But these conditions, as it seems to us, were not such as ought to have been imposed in the case. It appears that there was a mortgage upon the premises sued for in this action, and other premises, to a very considerable amount. The lands of the plaintiff which were described in that mortgage were not in fact subject to it, if it should turn out that her title was superior to the title of the mortgagors, as she claimed. For that reason, if she recovered in the action, she would take the premises free from the lien of the mortgage. The conditions upon which she was permitted to prosecute this action further were that she should consent to the making of a mortgage, which should practically be a lien upon her premises, as well as the others; and these conditions amounted, in fact, to the creation of a lien by the plaintiff in favor of the defendant upon her land to the amount of $50,000, in addition to paying the costs which were imposed upon her. These conditions we think were unreasonable, and ought not to have been imposed, and for that reason the order imposing them should be modified. The order should be that the order appealed from is affirmed, with $10 costs and disbursements of this appeal, and the complaint dismissed for want of prosecution, unless the plaintiff shall, within five days after the entry of this order, and service of a copy of it upon her, pay to the defendant $10, costs of the motion, and tender to the defendant a stipulation to refer the case to a referee to hear and determine, and to proceed forthwith with that reference. If these conditions are complied with, then the several orders appealed from are reversed, and the motion denied, without costs to either party in this court. The defendant must notify the plaintiff of his acceptance of the stipulation to refer within 10 days after it shall have been served upon him. All concur.

---

(21 App. Div. 357.)

In re OPENING OF WALES AVE.

(Supreme Court, Appellate Division, First Department. October 8, 1897.)

MUNICIPAL CORPORATIONS—OPENING STREETS—INTEREST ON AWARD.