would render the plaintiff on the 10th of each month a sworn statement, setting forth the number of couches sold by him during the preceding month, and the number of license tags on hand. The complaint charges a violation of that agreement, and prays that the defendant be required to perform the contract, that he be restrained from selling couches without attaching the license tag, and that he be required to account.

The demurrer was sustained on the authority of Continental Store Service Company v. Clark, 100 N. Y. 365, 3 N. E. 335, on the ground that the suit was brought to restrain the violation of patent rights. That suit was brought by an alleged assignee of the patentee against the latter and a third party, claiming also as assignee of the patentee; and it was held that an injunction should not issue pendente lite restraining such third party from using the patented article. It will be observed that there was no privity of contract between the plaintiff and the party sought to be enjoined. As assignee of the patent, the plaintiff sought to restrain the said defendant from infringing upon its rights. So far as that branch of the case was concerned, therefore, it was a patent, not a contract, suit. This case involves contract rights only. The defendant is sued, not as assignee, but as licensee, and the suit is strictly one to enforce contract rights. In such a case, it does not matter that the construction or validity of a patent may be collaterally involved, though it is not easy to see how the defendant can raise any question on that head. He has agreed to pay a stipulated sum for the privilege of manufacturing and selling a definitely described article, which he concedes is covered by a patent owned by the plaintiff. The rule is that, if the suit is brought to enforce contract rights, it carries with it the whole case, and the state courts have jurisdiction; and, vice versa, if the suit is brought to enforce patent rights, though a contract may be involved, the federal courts have jurisdiction. Wise v. Tube Bending Machine Co., 194 N. Y. 272, 87 N. E. 430; Excelsior W. P. Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910; Littlefield v. Perry, 88 U. S. 205, 22 L. Ed. 577.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to withdraw demurrer and answer, upon payment of costs in this court and in the court below. All concur.

Croner v. Parks—Motion granted, ithout prejudice to reopen upon showing "facts sufficient to excuse prosecution" (Kachel v. Stutz, 137 App. Div., 99; Rule 156, Rules of Civil Practice).

ACHEL v. STUTZ.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.

Where junior issues have been reached for trial, plaintiff must show, in order to defeat a motion to dismiss for want of prosecution, facts sufficient to excuse his apparent neglect to proceed, and in the event of his failure to do so the motion to dismiss should be granted.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 141; Dec. Dig. § 60.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Eugene F. Kachel against Charles Stutz. From an order denying a motion to dismiss the complaint for want of prosecution, defendant appeals. Reversed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Alfred Beekman, for appellant.

McLAUGHLIN, J. This action was commenced in October, 1907, to recover damages claimed for alleged breach of contract. In December 1909, the defendant moved to dismiss the complaint for want of prosecution. The motion was denied, and he appeals.

Issue was joined on the 31st of October, 1907, since which time plaintiff has taken no steps whatever to bring the action to trial. He has not served a notice of trial, filed note of issue, or placed the cause upon the calendar for trial. Younger issues of substantially the same nature have been reached on the general calendar, tried, and disposed of. The only excuse offered by the plaintiff for not proceeding in the action is to the effect that by reason of his financial condition he has not been able to pay his attorneys a retainer, and they will not prepare the cause or try the action until he has done so, and that he intends to pay them as soon as he is able.

The motion to dismiss should have been granted. The rule is well settled that, where junior issues have been reached for trial, the plaintiff must show, in order to defeat a motion to dismiss for want of prosecution, facts sufficient to excuse his apparent neglect to proceed, and that in the event of his failure to do so the motion should be granted. Anderson v. Hedden & Sons Co., 116 App. Div. 231, 101 N. Y. Supp. 585; Ferber v. Newgold, 133 App. Div. 739, 118 N. Y. Supp. 214.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.