It is impossible to figure out just which of these parties would have the largest number of witnesses to which the court can give consideration in determining this motion; and, that being so, I am of the opinion that other considerations, which have heretofore entered into these kind of motions, should be given some weight in determining this one; and, while the determination is not based wholly upon the ground now referred to, I think that, as the affidavits show that the plaintiff will have to abandon her action if she is to try it in the county of New York, or in an adjoining county, and that she is unable financially and physically to meet such a change, the granting of this motion might result in a victory of might over right—in other words, the financial condition of the defendant prevail over the lack of finances and health on the part of the plaintiff—and that the cases of Tuthill v. Long Island Railroad Co., 75 Hun, 556, 26 N. Y. Supp. 1029, and of Mole v. New York, Ontario & Western Railroad Co., 53 Misc. Rep. 22, 102 N. Y. Supp. 308, should be followed in deciding this motion.

The motion is therefore denied, with $10 costs to the plaintiff.

---

TUTTLE v. DUBUQUE FIRE & MARINE INS. CO. OF DUBUQUE, IOWA.

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1913.)

DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—WANT OF PROSECUTION—EXCUSE.
　　Under Code Civ. Proc. § 822, providing that, where plaintiff unreasonably neglects to proceed in his action, the court, on motion, may dismiss the complaint; and General Rules of Practice, rule 36, providing that whenever an issue of fact has been joined, and the plaintiff fails to bring it to trial, defendant, after trial of younger issues, may move to dismiss, but that the court, on a showing that plaintiff's failure has not been unreasonable, may permit plaintiff to bring it to trial at a future term, a delay of four years in bringing a cause to trial before the referee appointed when issue was joined was unreasonable, and an excuse that plaintiff was financially embarrassed and could not take sufficient time from his business, although he intended to try the case and would be able to do so within six or seven months, was not sufficient as against a motion to dismiss.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

　　McLennan, P. J., dissenting.

Appeal from Special Term, Onondaga County.

Action by Robert R. Tuttle against the Dubuque Fire & Marine Insurance Company of Dubuque, Iowa. From so much of an order dismissing plaintiff's complaint for want of prosecution, unless he should procure from the referee a designation of a time and place for a hearing on or before April 1, 1913, and notice the cause for trial before the referee before that date, as permits plaintiff to proceed with the case on that date, defendant appeals. Order reversed, and motion to dismiss granted.

The action was begun August 5, 1907. The complaint was served September 5, 1907, the answer November 12, 1907, and the plaintiff's reply November 20, 1907. August 25, 1908, the order was made referring the cause

to a referee to hear and determine. Neither party has since noticed the cause for trial or taken any other proceeding in the action.

The complaint alleges the making of a contract on August 9, 1905, by which plaintiff was to act as manager for defendant in its fire insurance business in the states of New York and Pennsylvania, except the cities of New York and Philadelphia, with authority to appoint subagents in this territory and issue fire insurance policies, with headquarters at Syracuse, N. Y., plaintiff to receive for his services and expenses 10 per cent. of the net premiums received from the business in his territory and a contingent commission of 10 per cent. upon the profits of each year's business in that territory. The first cause of action is for $5,280.01, balance of commissions on premiums alleged to have accrued to the plaintiff prior to August 1, 1907, and $1,135.99, balance of contingent commissions on profits of the business prior to that time. The second cause of action is for 10 per cent. commissions on the business of the German National Insurance Company in the plaintiff's territory, alleged to have been reinsured by defendant in November, 1906; said commissions amounting, as is alleged, to $13,032.09. The third cause of action is for various alleged violations of the contract by defendant, including the giving of notice to plaintiff March 6, 1907, to terminate the contract 90 days thereafter, and the amount claimed as damages is $90,128.34.

Defendant's answer alleges, as to the first cause of action, that all commissions earned by plaintiff had been fully paid; as to the second cause of action, that plaintiff had received his commissions on the business of the German National Insurance Company in his territory for that company, he having written these policies as the agent of that company; as to the third cause of action, a denial of the violations of the contract as alleged, and affirmative allegations of numerous violations of the contract by plaintiff. The answer also contains two counterclaims, the first for $3,587.58, balance alleged to be due defendant from plaintiff for agent's balances in this territory, and the second for $120,000 for damages to defendant's business, caused by numerous alleged violations of the contract on the part of plaintiff.

It appears from the moving affidavits that younger issues have been tried in their regular order at the Trial Term in Onondaga county, and that plaintiff has made no effort whatever to bring this cause to trial since the entry of the order of reference on August 25, 1908, and that the delay was not at the request of defendant, or of any one on defendant's behalf. The notice of motion was made on December 16th for a Special Term to be held at Syracuse December 28, 1912. The only affidavit read in opposition to the motion was made by one of plaintiff's attorneys, and the only excuse for plaintiff's failure to proceed with the case stated in this affidavit is that plaintiff some three or four years ago underwent great financial reverses while engaged in insurance business in the city of Syracuse, and since that time has been residing in Washington, D. C., engaged in the insurance business there in an effort to recoup his financial losses and pay off his debts, "but up until the present time has not been able to take from his business sufficient time to try the above-entitled case." The affiant further states, on information and belief, that plaintiff intends in good faith to try the case, and will be in a financial situation to do so within the next six or seven months.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

William H. Harding, of Syracuse, for appellant.
Stewart F. Hancock, of Syracuse, for respondent.

FOOTE, J. This cause has been at issue since November 20, 1907. Since August 25, 1908, when the order of reference was made, it could have been brought to trial, had plaintiff so desired, at any time on 14 days' notice. Section 822 of the Code of Civil Procedure provides:

"Where the plaintiff unreasonably neglects to proceed in the action against the defendant, * * * the court may, in its discretion, upon the applica-

tion of the defendant * * * dismiss the complaint as against the moving party or parties, and render judgment accordingly."

And by rule 36 of the General Rules of Practice it is provided:

"Whenever an issue of fact in any action pending in any court has been joined, and the plaintiff therein shall fail to bring the same to trial according to the course and practice of the court, the defendant, at any time after younger issues shall have been tried in their regular order, may move at Special Term for the dismissal of the complaint, with costs."

"If it be made to appear to the court that the neglect of the plaintiff to bring the action to trial has not been unreasonable, the court may permit the plaintiff, on such terms as may be just, to bring the said action to trial at a future term."

By this Code section and rule it is clearly intended that, if a plaintiff unreasonably neglects to bring his case to trial, it shall be dismissed by the court on defendant's application. A delay of four years is plainly unreasonable, unless such delay is satisfactorily excused. We find no sufficient excuse in this case. The affidavit in opposition to the motion is clearly insufficient to justify the delay, and cannot be accepted, unless we are to disregard the statute and the rule. If there is any merit in plaintiff's case, he could have no difficulty in securing the financial assistance necessary to meet the expenses of the trial. We are not advised that he has ever made any effort to do so, nor does he make any affidavit himself that he intends to bring the case to trial.

The authorities are numerous to the effect that for delay on the part of the plaintiff for less time than here requires the complaint should be dismissed, unless a better excuse is furnished than in this case. In Kachel v. Stutz, 137 App. Div. 199, 121 N. Y. Supp. 979, issue was joined October 31, 1907, and the motion to dismiss was made in December, 1909. The excuse offered by the plaintiff for his delay was his financial condition; he had not been able to pay his attorneys. It was held that the delay was unreasonable and the excuse insufficient. See, also, Seymour v. Lake Shore & Michigan Southern R. R., 12 App. Div. 300, 42 N. Y. Supp. 92; Jacot v. Marks, 46 App. Div. 531, 61 N. Y. Supp. 1040; Silverman v. Baruth, 42 App. Div. 21, 58 N. Y. Supp. 663; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Anderson v. Hedden & Sons Co., 116 App. Div. 231, 101 N. Y. Supp. 585. We think the correct rule is enunciated in these decisions, and that it should be followed in the present case.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except

McLENNAN, P. J. I dissent, and vote for affirmance of the order. A motion of this kind is addressed to the discretion of the court at Special Term, and its determination should not be disturbed on appeal, unless it is clear that the discretion of the court has been abused. Even although upon the motion papers the case was a proper one for the court to dismiss, had it seen fit so to do, yet in my opinion there was sufficient grounds to warrant the court, in the exercise of its discretion, to deny the motion upon proper conditions, giving the plaintiff the right to bring the action on for hearing before the referee within a

reasonable time.   Graham v. Ackley, 21 App. Div. 416, 47 N. Y. Supp. 562.

In this case the defendant interposed a counterclaim exceeding the demand made in plaintiff's complaint, and where the defendant in such a case takes no steps to bring the case on for hearing, that fact is entitled to some weight in relieving plaintiff's default, when a motion to dismiss for lack of prosecution is made.   In such a case, the absolute dismissal of the complaint is too harsh a punishment.   Heymer v. Arthur, 7 N. Y. Supp. 437.[1]   In Ellsworth v. Brown, 16 Hun, 1, it appeared that an order of reference had been granted, and after several hearings had been had the referee refused to appoint another hearing unless his fees were paid.   The case remained in this situation for over 2 years, and upon motion to dismiss for failure of plaintiff to prosecute the action an order was made dismissing the action, unless the plaintiff proceeded to another hearing within 90 days.   Upon appeal to the General Term, Third Department, the court, while expressing the opinion that this was a very liberal condition, affirmed the order.

In the present case no reason is made to appear why the defendant did not press the action before the referee for 4½ years after the order of reference was made, although by its answer it has interposed a counterclaim against the plaintiff of over $123,000; and while it may be true that such fact is not necessarily controlling upon the court in determining the motion, still I think it is entitled to be given some weight, as it apparently was, in the consideration of the motion.

Upon the undisputed facts, the reversal of the order appealed from results in very great injustice to the plaintiff.   It was stated in the affidavit presented to the Special Term on behalf of the plaintiff, and was not denied, that the plaintiff has a good and valid cause of action against the defendant for the sum of $109,576.43.   By stipulation of the parties the matter was referred to ex-Judge Merwin, who resides in Utica, N. Y., to hear, try, and determine the same, and an order of reference was entered on the 25th day of August, 1908, and notice of entry served upon defendant's attorney.   From that time no steps were taken by either party to bring the case to trial before such referee. The attorneys for the respective parties reside in the same city, but during the entire time defendant's attorney, neither orally or otherwise, even suggested to plaintiff's attorney that he desired to have the trial proceed before the referee, and no complaint in that regard was made until the motion to dismiss the action was made.

I am assuming that no sufficient excuse was made by the plaintiff for his failure to bring the case to trial before the referee; but such failure was acquiesced in by the defendant, at least by its silence, and under those circumstances plaintiff's claim, amounting to over $109,-000, a perfectly valid claim, so far as we may know, ought not to be wiped out.   I think the court at Special Term properly exercised its discretion in refusing to dismiss the action, except upon condition that the case be noticed for hearing before the referee not later than April

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 54 Hun, 637.

1, 1913. It is not suggested that the terms imposed by the order appealed from were not sufficiently severe; but it is urged that there should have been an absolute dismissal of the plaintiff's complaint, and the majority of this court so holds. I think the decision as made works a great injustice to the plaintiff, depriving him of the right to enforce an alleged valid claim against the defendant, amounting to over $109,-000.

I therefore vote for affirmance of the order, with $10 costs and disbursements.