## McGOVERN v. G. A. SUTER & CO.

(Supreme Court, Special Term, New York County.  June, 1916.)

DISMISSAL AND NONSUIT ☞60(3)—WANT OF PROSECUTION—EXCUSE.

Plaintiff's only excuse being straitened financial circumstances and absence from the state part of the time, his action for personal injury will, eight years after its commencement, and four years after he learned of his attorney's disbarment, be dismissed for failure to prosecute; defendant's witnesses having disappeared and being scattered.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 142; Dec. Dig. ☞60(3).]

Action by Owen McGovern against G. A. Suter & Co.  Defendants move to dismiss for failure to prosecute.  Motion granted.

See, also, 159 N. Y. Supp. 475.

Phillips & Avery, of New York City (Frank M. Avery and Earl A. Darr, both of New York City, of counsel), for the motion.

McDonald, Roesch & McDonald, of New York City, opposed.

GIEGERICH, J.  I am sorry, but I feel that justice requires the granting of the defendant's motion to dismiss the action for the plaintiff's failure to prosecute.  The action was commenced on the 31st day of May, 1908, to recover damages for personal injuries received on the 30th day of April, 1908, and alleged to be due to the negligence of the defendant.  The plaintiff's attorney was disbarred on the 4th day of June, 1909.  Such disbarment was not known to the defendant's attorneys, nor to any of its officers, agents, or employés.  On the 27th day of April, 1910, the case appeared upon the day calendar, and the defendants took judgment by default, which was entered on the 29th day of April, 1910.

On the 26th day of May, 1916, the plaintiff moved to open his default and to set aside the judgment that had been taken against him.  From his moving affidavit on that motion it appears that he learned about the year 1912 of the disbarment of his former attorney.  The excuse he gives for doing nothing in the meantime is his poverty and the fact that he was during part of the time working in various places outside the state, as his injuries had partially incapacitated him, so

that he could no longer obtain steady employment in this state.  On behalf of the defendant it is shown that the corporation has gone out of business and has distributed its assets among its stockholders, and that one of its chief witnesses had disappeared and that it has no knowledge of his whereabouts.

The fact that the plaintiff has been in straitened financial circumstances is no excuse for such a long delay.  Tuttle v. Dubuque Fire & Marine Ins. Co., 155 App. Div. 802, 140 N. Y. Supp. 930, and cases cited.  In the nature of things, after such a long interval—it is now more than eight years since the accident occurred—it would be much harder for the defendant to make its defense.  In addition to the scattering and disappearance of witnesses, the memories of such as are available will have grown dim.  This would be true of the witnesses on both sides.  Owing to the plaintiff's laches, the chances of an unjust verdict against the defendant have become so great that I do not feel warranted in denying the motion.

Motion granted, without costs.  Order signed.