MABEL L. FERGUSON, as Administratrix, etc., Respondent, v. BUFFALO, ROCHESTER AND PITTSBURGH RAILWAY COMPANY, Appellant.

·  *Practice—failure to try case speedily—negligence.*

Appeal from an order entered in the Monroe county clerk's office on the 22d day of May, 1916.

Order affirmed, with ten dollars costs and disbursements. All concurred, except Foote, J., who dissented, in a memorandum.

FOOTE, J. (dissenting): I dissent and vote for reversal of the orders. I think plaintiff's delay of over six years in bringing the case to trial is not sufficiently excused by her attorney's uncertainty as to whether her case was controlled by Federal or State laws. Public policy requires a speedy disposal of litigation, and there is no distinction in that respect in favor of actions for negligence. I think our decision in *Tuttle* v. *Dubuque Fire & Marine Ins. Co.* (155 App. Div. 802) should be followed here.

———

LAWRENCE F. DALTON, a Minor, etc., Respondent, v. F. EDWIN PARKER, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred, except Merrell, J., who dissented upon the ground that the option to accept the reduction of the verdict was a favor granted by the court, and in taking the appeal the plaintiff elected not to avail himself thereof.

NELLIE McMANUS, Respondent, v. BUFFALO TAXICAB COMPANY, Appellant.— Judgment and order affirmed, with costs. Held: 1. That the conduct of the trial court was such that a reversal thereon would be required, if the record upon this appeal permitted the conclusion that such attitude and conduct had affected the result, but that such a conclusion is not warranted by the merits of the action. 2. The evidence introduced upon the part of the defendant is substantially a confession of negligence by the defendant. The plaintiff is clearly free from the charge of contribution to the injury. Under these circumstances a new trial should be denied. All concurred.

NELSON J. PALMER, Appellant, v. DUNKIRK PRINTING COMPANY, Respondent.— Interlocutory judgment and order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the motion and of this appeal. Held, that each of the first and sixth causes of action set forth in the complaint states facts from which a jury might find that the defendant accused the plaintiff of the commission of a crime. All concurred.

HELEN WOOD, as Administratrix, etc., Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.