■ JULIUS KIRZON, Appellant, v. LOUIS MARCUS CORP., Respondent.— Appeal from order entered November 20, 1961, made on motion of the Justice presiding denying the application for a preference in this action for personal injuries, unanimously dismissed, with $20 costs and disbursements to defendant-respondent. No appeal lies from an ex parte order. (Civ. Prac. Act, § 609; *Weisberg* v. *McGuigan*, 12 A D 2d 450; *Gouvakis* v. *490 Tenth Ave. Corp.*, 6 A D 2d 1035.) Appellant's remedy is a motion for reconsideration. (*Vallen* v. *Fifth Ave. Coach Corp.*, 5 A D 2d 769.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ GERARD BENJAMIN, Respondent, v. CHOCK FULL OF NUTS, INC., Appellant, et al., Defendant.— Order, entered on June 28, 1962, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant. Present counsel states that former counsel of record was erroneously given the impression that the note of issue had been filed during the time of his illness, and advances as a further explanation the failure of the plaintiff to deposit the necessary filing fee for a note of issue. These are insufficient excuses to justify a failure to diligently prosecute for 18 months after issue was joined. Inadvertence under such circumstances has been held to be an inadequate excuse (*Goldfarb* v. *Mallin*, 3 A D 2d 735). Moreover, if plaintiff was unable to advance the filing fee the remedy was to apply to sue as a poor person rather than delay the prosecution of the action. (*Granich* v. *Stolovitz*, 270 App. Div. 899; *Tuttle* v. *Dubuque Fire & Marine Ins. Co.*, 155 App. Div. 802; *Kachel* v. *Stutz*, 137 App. Div. 199.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ CLAIRE FLINK et al., Appellants, v. HOSPITAL FOR JOINT DISEASES, Respondent.— Order, entered May 15, 1962, denying plaintiffs' motion for reconsideration of the denial of their application for a preference under subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, and the preference granted. On this record plaintiffs have made a sufficient showing that the injuries have resulted in protracted disability. (*Wagner* v. *Hudes*, 13 A D 2d 637; *Goetz* v. *George Eberhard, Inc.*, 13 A D 2d 489; *Epstein* v. *Water Taxi*, 13 A D 2d 480.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.