[Civil No. 4277.   Filed April 7, 1941.]

[112 Pac. (2d) 210.]

MIKE PRICE and LATA PRICE, Husband and Wife, Appellants, v. JOSEPH SUNFIELD and MRS. LOUISE SUNFIELD, Husband and Wife; O. N. OWEN, an Individual Doing Business Under the Firm Name and Style of OWEN SHEET METAL AND ROOFING WORKS, and CHARLES R. BYRNE, Sheriff of Gila County, State of Arizona, and ALFRED SUNFIELD, Additional Party Defendant, Appellees.

Mr. Frederic A. Shaffer, of Long Beach, California, and Mr. D. E. Reinhardt, of Globe, Arizona, for Appellants.

Mr. A. R. Edwards, Mr. Rouland W. Hill and Mr. George M. Hill, for Appellees.

LOCKWOOD, C. J.—This is an appeal by Mike Price and Lata Price, his wife, hereinafter called plaintiffs, from a judgment of dismissal of an action, entered against them and in favor of Joseph Sunfield, Alfred Sunfield, O. N. Owen and Charles R. Byrne, hereinafter called defendants, which judgment also quieted the title to certain property in favor of defendants Joseph and Alfred Sunfield.

The brief of plaintiffs sets up seventeen assignments of error, which are summarized under eight propositions of law, but we think there are but two questions which this court need decide, (a) did the court abuse its discretion in dismissing the action of plaintiffs on the ground of laches, and (b) did it err in quieting the title in the Sunfields as against plaintiffs.

The factual background necessary to determine these questions appears from the record to be as follows: In 1932 plaintiffs were the owners of certain premises in the city of Miami. Defendant Owen at that time filed a mechanic's lien which he assumed covered such property and secured a judgment foreclosing the lien. The property was sold at sheriff's sale under such judgment and purchased by Mrs. Louise Sunfield, the wife of defendant Joseph Sunfield, although it is agreed that it became part of the community estate of herself and her husband. Shortly thereafter this action was filed and a notice of *lis pendens* duly recorded. The complaint alleged that for various reasons set forth therein the sale of the property above referred to was void and asked that it be so declared, and that plaintiffs have judgment against Joseph and Louise Sunfield for the rental value of the property, which was alleged to be $100 per month, offering to refund to the Sunfields the amount for which the property was sold, with interest and any taxes or cost of repairs legally expended by them in connection with the prem-

ises.   An answer was filed by the Sunfields and Byrne, containing various admissions and denials, and asking for judgment that plaintiffs take nothing and the action be dismissed.   Owen did not answer, apparently because no affirmative relief of any kind was asked against him.   After various dilatory motions had been presented, argued and considered, on October 13, 1934, the following minute entry was made:

"It is ordered that the motion to strike and motion to make more definite and certain be overruled. (Note: The above order was received by mail on October 12th, J. W. W. Clerk)"

This order disposed of all the preliminary matters raised by the various pleadings which had not been settled previously, and the case then was ready for trial upon the complaint and answer.   No further proceedings of any nature were taken until January 16, 1939, when the case was assigned by the judge of the superior court of Gila county to another judge for further action.   The next action shown by the record is on November 6, 1939, when the case was set for trial for December 8.   On November 18 it was reassigned to another outside judge for trial, the date for hearing having been continued to December 15. On this latter date, for the first time, a motion to dismiss the case for want of prosecution was presented and argued, and on January 16, 1940, it was denied and leave granted to defendants Joseph Sunfield and Byrne to file an amended answer, which was done, and therein for the first time there was a prayer "that defendants' title to said property be declared a valid title, clear of all claims of the plaintiffs."   The matter then came on regularly for trial on January 31. It appeared by the amended answer that defendant Louise Sunfield had died, and her estate had been duly probated and distributed, whereupon, on motion of plaintiffs, Alfred Sunfield, her son and one of the dis-

tributes, was made a party defendant, and the matter continued until February 20 so that he might answer. On that date, default having been entered against defendant Owen, the motion to dismiss was renewed by counsel for defendants, and the following order made:

"Tuesday, February 20, 1940
"Trial and Order for Judgment

"This cause coming before the court regularly for trial at this time before Judge Allyn of Greenlee County, the Judge of this County having heretofore disqualified and the plaintiff with Messrs. Rienhardt & Shaffer as counsel present, the defendant Joseph Sunfield present and with Rouland W. Hill as counsel, Alfred Sunfield, newly made defendant present with A. R. Edwards as counsel, default heretofore entered against O. N. Owen, one of the defendants, thereupon counsel state that they are ready to proceed, thereupon Motion filed by counsel (A. R. Edwards) for Alfred Sunfield is taken up and argument by counsel, thereupon motion by counsel (Hill) for defense to dismiss and that the Court enter decree quieting title to such property, the same argued by counsel, thereupon the court rules as follows:

"That the court is of the opinion that the motions heretofore made by the attorney for the new defendant (Alfred Sunfield) and the attorney for the old defendants should prevail and the Court orders that judgment issue for defendants in this matter and in view of fact that plaintiffs are guilty of laches, title to the property is quieted in the Sunfields, further ordered that the parties pay their own costs, thereupon counsel for plaintiffs give notice in open Court of appeal."

It will be seen from this recital of the record that the case stood on the docket of the superior court for nearly five years with no action taken therein; that thereafter it was taken up and a motion to dismiss for want of prosecution being denied, a new party defendant was brought in and finally the motion to dismiss for want of prosecution was renewed and

granted, and title to the property quieted in Joseph and Alfred Sunfield.

The first objection of plaintiffs is that the judgment violated sections 21–1211 to 21–1216, Arizona Code, 1939, in that it was a summary judgment not rendered in accordance with such sections. The requirements for a summary judgment are set forth in section 21–1212, *supra,* as follows:

"Summary judgment — Motion and proceedings thereon.—The motion shall be served at least ten (10) days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

So far as that portion of the decree granting affirmative relief to defendants by quieting title in them is concerned, we think the objection is well taken. In an action of this nature the plaintiff must succeed on the strength of his own title and not on the weakness of that of his adversary. *Hardinge* v. *Empire Zinc Co.,* 17 Ariz. 75, 148 Pac. 306. This necessarily requires some proof or else admissions in the pleadings. The various pleadings in the case certainly set up issues of fact to be settled before a judgment quieting title could be rendered and plaintiffs were entitled to a trial of these issues. In fact, defendants in their argument and brief did not contend seriously that portion of the judgment quieting title in them could stand.

But when it comes to the judgment of dismissal of plaintiffs' action, a different question is presented. We have frequently held that a court has jurisdiction to dismiss an action for want of diligence

in prosecuting the same.  *Hartford A. & I. Co. v. Sorrells*, 50 Ariz. 90, 69 Pac. (2d) 240; *Paul v. Paul*, 28 Ariz. 598, 238 Pac. 399.  The question is whether under the facts as shown by the record herein the trial court abused its discretion in so acting.  When the original motion to dismiss for want of prosecution was filed, it was supported by affidavits, as required by the rule, and an elaborate answer thereto was made by plaintiffs, and no contention is made that the formal requisites of the section above quoted were not complied with.  It is true that this motion was first denied by the trial court, but it was apparently renewed and argued upon the same grounds, and it was expressly found by the court that plaintiffs were guilty of laches. We think the motion was sufficient in form, and if it appears affirmatively from the record that the trial court did not abuse its discretion, the judgment of dismissal must be sustained.

■  The reason for which a dismissal on the ground of laches is upheld is that the delay, taken with all the circumstances in the case, is sufficient evidence either that the cause of action has been abandoned by plaintiff or else that it has resulted in injury to someone not responsible for the delay.  In the present case, it is obvious that plaintiffs had no intention to abandon their case.  Therefore, unless it appears that they were responsible for the delay and that its effect was to injure the defendants in some of their substantial rights, the court should not have dismissed the action. But if such a situation does reasonably appear from the record, we cannot say that it abused its discretion.

■  The general rule is that it is the duty of the plaintiff to see that his case is brought up for trial within a reasonable time.  While it is true that a defendant may, if he desires, call a case up for setting when it is at issue, he is not obliged to do so, and his failure does not excuse the plaintiff from the responsi-

bility of seeing that the case is set for trial, under penalty of a dismissal. Clearly plaintiffs were responsible for the long delay.

The next question is, were the substantial rights of the defendants prejudiced by the delay? Their counsel set up in their brief many reasons why this is so, but we think we need consider only one. If the case had been properly urged for trial by plaintiffs, it would in the ordinary course of affairs have been heard and determined some time in the year 1935. At that time the liability of defendants, if any, would have been definitely fixed and they could have acted accordingly. If, however, plaintiffs may now proceed with the action and recover therein, defendants may be required to pay between four and five years' rent which they would not have been liable for had the matter been determined within a reasonable time. Plaintiffs say the rent of the premises was reasonably worth $100 per month. If that be true, the delay in trial, assuming that plaintiffs recovered on their complaint, would cost defendants at least four or five thousand dollars more than they would have been compelled to pay had the case been tried with reasonable promptitude. Plaintiffs offer as an excuse for their delay, (a) that they were financially unable to bear the costs of proceeding with reasonable promptitude, on account of the depression which existed for some years, and (b) that plaintiff Mike Price had been ill for a considerable time between 1934 and 1939. Mere financial inability to prosecute a suit is not an excuse for an unreasonable delay. *McGovern* v. *Suter & Co.,* Sup. Ct., 159 N. Y. Supp. 476; *Tuttle* v. *Dubuque Fire etc. Co.,* 155 App. Div. 802, 140 N. Y. Supp. 930. Sickness is sometimes held to be an excuse for failure to prosecute, but we think the extent of the illness shown by plaintiff in the present case was not sufficient, as a matter of law, to justify a failure to proceed for

so long a period as the record shows elapsed in the present case.

■ It has been urged that neither counsel for plaintiffs nor defendants had knowledge that the case became at issue in 1934. This doubtless is true, but a cursory examination of the records of the court would have shown the fact, and we think this lack of knowledge is not sufficient to excuse the failure of plaintiff to prosecute for the time which elapsed.

Upon the whole record the situation is such that we think it was peculiarly a matter for the discretion of the trial court as to whether plaintiffs were guilty of laches, and that we cannot say affirmatively, as a matter of law, it abused its discretion in dismissing the plaintiffs' action on that ground.

The judgment is affirmed so far as the order of dismissal of plaintiffs' action is concerned, and reversed as to the quieting of title in favor of defendants. Plaintiffs will recover their costs.

McALISTER and ROSS, JJ., concur.