233 P.3d 639

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY fna Title Insurance Company of Minnesota, a Minnesota corporation, Plaintiff/Judgment Creditor/Appellant,**

v.

**NEW FALLS CORPORATION, Intervenor/Appellee.**

No. 1 CA–CV 09–0135.

Court of Appeals of Arizona, Division 1, Department D.

June 15, 2010.

Beus Gilbert PLLC By Leo R. Beus and Adam C. Anderson, Scottsdale, Attorneys for Plaintiff/Judgment Creditor/Appellant.

Law Offices of Pamela B. Petersen By Pamela B. Petersen, Peoria, and David N. Ingrassia PC By David N. Ingrassia, Phoenix, Co–Counsel for Intervenor/Appellee.

## OPINION

OROZCO, Judge.

¶ 1 Appellant, judgment creditor Albert M. Coury Trust (AMC Trust), successor-in-interest to a judgment held by Old Republic National Title Insurance Company, appeals the trial court's order granting appellee and

intervenor New Falls Corporation's (New Falls) motion to dismiss AMC Trust's garnishment proceedings. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 AMC Trust holds a judgment against Albert M. Coury (Coury) in Maricopa County Superior Court No. CV1992–011090 (1992 Case). On May 25 and 26, 2005, AMC Trust served writs of garnishment on garnishee, Tony M. Coury Buick, Inc. (TMCBI). AMC Trust objected to TMCBI's answer and amended answer. A hearing on AMC Trust's objections was scheduled for September 14, 2005. During the pendency of the 1992 Case, several judgment debtors against whom AMC Trust had judgments sought bankruptcy protection.

¶ 3 Maricopa County Superior Court No. CV2004–015544 (2004 Case) was an action in which AMC Trust sought derivative relief on behalf of TMCBI. After several of the judgment debtors commenced bankruptcy proceedings, the 2004 Case was removed to bankruptcy court.[1] Coury did not seek bankruptcy protection.

¶ 4 The hearing on AMC Trust's objections was vacated at the request of the parties on the belief that the hearing might violate the bankruptcy automatic stay in the 2004 Case. There was no activity in the 1992 Case for over two-and-a-half years until March 28, 2008, when AMC Trust and TMCBI entered into a stipulation (Stipulation). The Stipulation included an agreement that judgment should be entered in favor of AMC Trust for "any and all right, title, and interest of [Coury] in or to the common stock he may have, does have, or will have, if any, in Garnishee [TMCBI]."

¶ 5 New Falls also holds a judgment against Coury in Maricopa County Superior Court No. CV1990–016891 (1990 Case). When AMC Trust's counsel notified New

Falls of the Stipulation in the 1992 Case, New Falls filed a motion to intervene in the 1992 Case, seeking to protect its right to garnish Coury's TMCBI stock. When that motion was denied by the trial court, New Falls filed a petition for special action relief with this Court seeking to intervene in the 1992 Case and have the Stipulation set aside. This Court accepted jurisdiction, granted relief and ordered the trial court to grant New Falls' motion to intervene and vacate the Stipulation.

¶ 6 As an intervenor in the 1992 Case, New Falls moved to dismiss AMC Trust's garnishment proceeding. New Falls argued the garnishment statutory scheme required a dismissal of AMC Trust's garnishment action as there had been no action in the matter for over two-and-a-half years. New Falls also argued that the trial court had the inherent power to dismiss the action for lack of prosecution. Without explanation, the trial court granted New Falls' motion to dismiss.

¶ 7 AMC Trust timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101.B (2003).

## DISCUSSION

¶ 8 AMC Trust argues the trial court erred when it granted New Falls' motion to dismiss because: no statute requires dismissal of the action; AMC Trust did not abandon its garnishment action or fail to prosecute; and AMC Trust's claim of TMCBI stock ownership at the time the writ of garnishment was served had no bearing on the garnishment action's validity.

■ ¶ 9 We review a trial court's grant of a motion to dismiss for an abuse of discretion. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006).[2] We review de novo issues of statutory interpretation. *DeVries v. State*, 221 Ariz. 201, 204, ¶ 6, 211 P.3d 1185, 1188 (App.2009).

---

1. All writs of garnishment as to judgment debtors other than Coury were released and quashed by AMC Trust.

2. AMC Trust urges us to review the motion to dismiss de novo and cites authority which stands for the proposition that an appellate court reviews a motion to dismiss for failure to state a

claim de novo. *See Walters v. Maricopa County*, 195 Ariz. 476, 477, ¶ 2, 990 P.2d 677, 678 (App. 1999); *Fairway Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124, ¶ 6, 970 P.2d 954, 956 (App.1998). AMC Trust's garnishment action, however, was not dismissed for failure to state a claim.

### A. Garnishment statutes

¶ 10 AMC Trust argues that there is nothing in the garnishment statutes, specifically A.R.S. §§ 12–1587 or –1581.B (2003), that mandates dismissal of its garnishment action simply because the case sat inactive. New Falls concedes this point, but also points out that there is nothing in the garnishment statutory scheme that prohibits dismissal.

¶ 11 When a statute's language is plain and unambiguous, we follow the text as it is written. *Bentley v. Bldg. Our Future*, 217 Ariz. 265, 270, ¶ 13, 172 P.3d 860, 865 (App.2007). When the statute's language is ambiguous or subject to more than one interpretation, we turn to the legislature's intent. *Id.* When interpreting a statute, the primary goal is to give effect to the legislature's intent. *DeVries*, 221 Ariz. at 204, ¶ 6, 211 P.3d at 1188. "In pursuing this goal, we consider the statute's context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose." *Bentley*, 217 Ariz. at 270, ¶ 13, 172 P.3d at 865.

### (1) Section 12–1581.B

¶ 12 Section 12–1581.B permits the discharge of a garnishee from a writ if no timely objection is filed and if "the garnishee is a corporation in which the judgment debtor is alleged to be the owner of shares of stock or an interest, if the answer shows that the judgment debtor is not and was not when the writ was served the owner of any shares or interest." In this case, the garnishee was a corporation, TMCBI. TMCBI's answer and amended answer, however, indicated that TMCBI's records were "inconsistent" as to whether Coury, the judgment debtor, owned shares of TMCBI stock and that actual ownership of the TMCBI stock was at issue in the 2004 Case. Because TMCBI's answer did not indicate that Coury did not own any shares in TMCBI, the garnishment proceedings could not have been dismissed pursuant to this section.

### (2) Section 12–1587

¶ 13 Section 12–1587 provides:

If no judgment or order is entered against the garnishee within ninety days after the filing of the garnishee's answer, any monies, property, shares or other interest held by the garnishee pursuant to the writ shall be released to the judgment debtor, and the garnishee shall be discharged on the writ and fully and completely released from any further liability to the judgment creditor.

This section does not apply if either party "has filed a written objection pursuant to § 12–1580 [ (2003) ]." In this case, AMC Trust filed a written objection to TMCBI's answer and amended answer. New Falls argues that AMC Trust's objection "did not relate to [Coury's] stock," but it instead related to loans Coury allegedly made to TMCBI. Section 12–1587 does not limit the scope of the objection made; the plain language of the statute indicates the statute does not apply if either party "has filed a written objection pursuant to § 12–1580." Because AMC Trust filed a written objection, section 12–1587 does not resolve this dispute.

### (3) Section 12–1580.B

¶ 14 Section 12–1580.B provides:

The hearing on an objection to the writ [or] answer ... shall be commenced within five days of the request ... but may be continued for good cause on terms the court deems appropriate after due consideration of the importance of the judgment debtor's rights and the need for a speedy determination.... However, *in no event* shall the hearing be held later than ten days from the date of the request unless the request for a continuance is made by the judgment debtor.

(Emphasis added.) On June 28, 2005, AMC Trust filed an objection pursuant to A.R.S. § 12–1580 and requested a hearing. The hearing on AMC Trust's objection was scheduled for September 14, 2005, but was vacated by agreement of the parties. Contrary to AMC Trust's assertions, however, the court made no finding of good cause to continue the hearing. After the hearing was vacated, neither party ever requested that it be reset. Therefore, the statutory timeframes set forth in A.R.S. § 12–1580.B were not met.

¶ 15 AMC Trust concedes that no hearing on its objection to TMCBI's answer and amended answer pursuant to A.R.S. § 12–1580 was ever held. It contends, however, that its garnishment action cannot be dismissed because: (1) the statute does not prescribe a consequence for failure to hold a hearing within the statutory timeframe; (2) Coury never objected to the vacation of the hearing; and (3) this Court, on special action review, found that the "proceedings were still at an early stage because no hearing had been held on AMC Trust's objection."

¶ 16 In our special action decision order, we stated: "we conclude that New Falls' motion to intervene as a matter of right was timely. The garnishment proceedings were still at an early stage because no hearing had been held on AMC Trust's objection." This comment merely addressed the timeliness of New Falls' motion to intervene and that its motion would not disrupt a decision on the merits. The trial court was not precluded from dismissing AMC Trust's garnishment proceedings because they "were still at an early stage." The lack of any apparent interest by AMC Trust in pursuing the proceedings justified its dismissal. The 1992 Case was inactive for over two-and-a-half years. Instead of prosecuting the garnishment, AMC Trust sought to enter into the Stipulation with TMCBI to protect its right to garnish any stock Coury may have owned in TMCBI.

¶ 17 Second, AMC Trust argues that Coury did not object to the continuance of the hearing. The plain language of A.R.S. § 12–1580.B states that a hearing on an objection to a writ may be heard no later than ten days from the request unless a "request for a continuance is made by the judgment debtor." Here, however, the hearing was not "continued" to a later date—the scheduled hearing was simply vacated by stipulation, and was never reset. We cannot conclude that the exception to the ten-day deadline for continuances requested by a debtor implies that garnishment proceedings may remain on the court's calendar indefinitely without active litigation.

¶ 18 Lastly, while A.R.S. § 12–1580.B does not contain a "penalty clause," there is no legal support for the notion that the court has no authority to dismiss a garnishment that languishes for a lengthy period. If we were to read A.R.S. § 12–1580.B as AMC Trust suggests, the statutory requirement that the court give "due consideration to the importance of the judgment debtor's rights and the *need for a speedy determination*" would be rendered meaningless.[3] (Emphasis added.) "We presume the legislature did not intend to write a statute that contains a void, meaningless, or futile provision." *State v. Pitts*, 178 Ariz. 405, 407, 874 P.2d 962, 964 (1994). We therefore hold that the trial court did not err in dismissing AMC Trust's garnishment action.

### B. Failure to prosecute 1992 Case

¶ 19 New Falls also argues the trial court had the authority to dismiss the 1992 Case for failure to prosecute and pursuant to Maricopa County Local Rule 3.6 a(3). We address this issue because we may affirm the trial court's grant of a motion to dismiss if it is correct for any reason. *See Dube v. Likins*, 216 Ariz. 406, 417 n. 3, ¶ 36, 167 P.3d 93, 104 n. 3 (App.2007).

¶ 20 AMC Trust argues that it was not idly "sitting on its hands" in the 1992 Case, but was actively pursuing discovery in the 2004 Case, which contained many of the same issues and was relevant to the 1992 Case. To explain its two-and-a-half years of inaction in the 1992 Case, AMC Trust argues that TMCBI "expressly incorporated" the 2004 Case into the 1992 Case when it filed its answer to AMC Trust's writ of garnishment. Additionally, AMC Trust argues that for reasons concerning judicial economy, preservation of resources of the parties, and the bankruptcy stay in the 2004 Case, the "parties consolidated discovery" in the 1992 Case with the 2004 Case. However, the record contains no evidence that the parties consolidated discovery of the 1992 and 2004 Cases. While AMC Trust may have been undertaking discovery in the 2004 Case that had relevance to the 1992 Case, no notice of

---

**3.** Concerns for the judgment debtors' rights are attenuated where, as here, the judgment creditor is an entity in which the judgment debtor himself allegedly holds an interest.

consolidation or continued activity was ever filed in the 1992 Case.

¶ 21 AMC Trust notes that the trial court, "[w]ithout providing the benefit of reasoning," granted New Falls' motion to dismiss. AMC Trust then argues, however, that the trial court did not dismiss for failure to prosecute because it "already allowed [AMC Trust] to finish its prosecution and entered a final order." While the trial court approved the Stipulation, entered a final order and denied New Falls' motion to intervene, those decisions were overturned when this Court accepted jurisdiction and granted relief in New Falls' special action. *See supra* ¶ 5.

¶ 22 "Trial courts have the inherent power to dismiss a case on their own motion if the case has not been diligently prosecuted. In this respect the discretion exercised by the trial court will not be reviewed on appeal in the absence of an abuse of discretion." *Cooper v. Odom*, 6 Ariz.App. 466, 469, 433 P.2d 646, 649 (1967) (internal citation omitted). Additionally, Maricopa County Local Rule 3.6 a(3) states a "civil action shall be dismissed for failure to prosecute upon written motion and notice to opposing counsel, at the discretion of the court" based on "appropriate reasons." Arizona courts have been permitted to dismiss a case for lack of prosecution after adequate notice had been provided to the plaintiff. *See Hartford Acc. & Indem. Co. v. Sorrells*, 50 Ariz. 90, 94, 69 P.2d 240, 242 (1937) (finding the dismissal of a case that had not moved forward for nearly six years proper); *Paul v. Paul*, 28 Ariz. 598, 603, 238 P. 399, 401 (1925) (finding a sixteen-month period during which no action was taken by the plaintiff indicated abandonment of the suit on the part of the plaintiff, and was sufficient to warrant the trial court's dismissal of the case for want of prosecution).

¶ 23 Here, there was no action in the 1992 Case from September 14, 2005, when the hearing on AMC Trust's objection was vacated, until March 28, 2008, when the Stipulation was entered. Once permitted to intervene in the 1992 Case, New Falls filed its motion to dismiss AMC Trust's garnishment action and AMC Trust filed a response. Oral argument was held on New Falls' motion to dismiss[4] and, after taking the matter under advisement, the court granted New Falls' motion. AMC Trust was properly given notice and an opportunity to be heard regarding the dismissal of its action. We conclude that the court acted within its discretion when it dismissed AMC Trust's garnishment action.[5]

### C. AMC Trust's claim of stock ownership

¶ 24 Because we determine it was within the trial court's discretion to grant New Falls' motion to dismiss based on the garnishment statutes coupled with the court's inherent power to dismiss a case for lack of prosecution, we do not reach AMC Trust's argument that its claim of ownership of TMCBI stock had any bearing on the garnishment action's validity. *See Dube*, 216 Ariz. at 417 n. 3, ¶ 36, 167 P.3d at 104 n. 3 (noting that we may affirm the trial court's grant of a motion to dismiss if it is correct for any reason).

### D. Attorney fees on appeal

¶ 25 New Falls requests its attorney fees on appeal pursuant to A.R.S. § 12–1580.E. In our discretion, we deny New Falls' request for attorney fees. As the prevailing party on appeal, however, New Falls is entitled to its costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(c).

---

4. It is unclear what was discussed at the oral argument because no transcript was included in the record on appeal. In the absence of a transcript, we presume that the record supports the trial court's decision. *See Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11, 967 P.2d 1022, 1025 (App. 1998).

5. For the first time in its reply brief, AMC Trust argues that New Falls, an intervenor in the 1992 Case, provides no authority that it could properly seek dismissal for lack of prosecution. AMC Trust did not raise this issue in the trial court and it is therefore waived on appeal. *Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

## CONCLUSION

¶ 26 For the foregoing reasons, we affirm the trial court's grant of New Falls' motion to dismiss AMC Trust's garnishment proceedings.

CONCURRING: JON W. THOMPSON, Judge and PETER B. SWANN, Judge.