NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

HOJJATALLAH (DAVID) FARAJI, *Plaintiff/Appellant*,

*v.*

CITY OF PHOENIX, a corporate body, *Defendant/Appellee*.

No. 1 CA-CV 15-0308
FILED 5-19-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2014-053408
The Honorable Thomas L. LeClaire, Judge (Retired)

**REVERSED AND REMANDED**

---

COUNSEL

Hojjatallah (David) Faraji, Phoenix
*Plaintiff/Appellant*

Campbell, Yost, Claire & Norell, P.C., Phoenix
By Margaret F. Dean
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

¶1   Hojjatallah Faraji appeals the trial court's judgment dismissing with prejudice his action against City of Phoenix (the "City") by granting the City's motion to dismiss pursuant to Arizona Rule of Civil Procedure ("Rule") 38.1(f) or 41(b). For the following reasons, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2   Faraji was a limousine driver and had been providing on-demand limousine transportation services at the Phoenix Sky Harbor International Airport (the "Airport") under contracts between the City and companies that provided such services and with which he was affiliated. When those contracts expired in 2014, the City offered to renew only if the companies would agree to transition from on-demand to a pre-arranged basis, which meant the option of waiting at the Airport terminals for passengers without prior arrangements would no longer be available to limousine drivers. Faraji and another limousine driver Lazim Al Azidi[1] filed a complaint against the City and City of Phoenix Aviation Department (the "Department"), alleging the disallowance of on-demand services violated constitutional and anti-trust law and seeking damages and injunctive relief from the disallowance. The City immediately moved to dismiss the City for insufficient service of process, and to dismiss the Department because the Department was not a legal entity separate from the City. Faraji responded with evidence of service and conceded the City's argument regarding the Department; accordingly, the court granted the motion to dismiss the Department but denied the motion to dismiss the City.

---

[1]   Azidi is not party to this appeal as he did not appeal.

¶3      While the City's motion to dismiss was pending, Faraji amended his complaint to include additional plaintiffs.[2]  The City moved to strike the amended complaint on the basis that none of the additional plaintiffs had moved to intervene.  The plaintiffs responded to the motion and also formally moved to intervene.  The trial court granted the City's motion, dismissing the amended complaint without prejudice.  Approximately three months later, the City again moved to dismiss the case under Maricopa County Superior Court Local Rule 3.6 for violating Arizona Rules of Civil Procedure 38.1(f)[3] and, in alternative, Rule 41(b).  Faraji's response was late by three days.[4]  Four days later, the court granted the City's second motion to dismiss, finding Faraji had failed to respond to the City's motion and dismissing the case in its entirety with prejudice.  Faraji timely appealed this order.[5]  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[6]

---

[2]      The exact number of additional plaintiffs was unclear because the lists of plaintiffs' names in different parts of the amended complaint did not match.

[3]      Maricopa County Superior Court Local Rule 3.6 refers to Rule 38.1(d), which was altered immaterially and renumbered to the current Rule 38.1(f) in 2014.  Ariz. Local R. Prac. Super. Ct. (Maricopa) 3.6.

[4]      The City argues Faraji's response to its motion was more than two weeks overdue.  Its calculation, however, fails to exclude weekends and holidays pursuant to Rule 6(a) when the allowed period of time is less than eleven days, and to include five additional calendar days under Rule 6(e).  *See* Rule 7.1(a) (requiring the party opposing a motion serve and file an answering memorandum within ten days after the motion is filed and served).

[5]      We stayed the appeal until a final judgment with Rule 54(c) language was entered.

[6]      Absent material changes since the relevant events, a statute's current version is cited.

## ANALYSIS[7]

¶4 The trial court's stated rationale for dismissing the case with prejudice was: "[i]n consideration of Defendant City of Phoenix's Motion to Dismiss, and the failure of any opposing party to serve and file an answering memorandum in opposition to the motion, and with good cause appearing, . . ." The court appeared to have applied Rule 7.1(b) to dismiss the case. Under Rule 7.1(b), if the non-moving party fails to respond to a motion, "such non-compliance may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily." The application of this Rule, however, "is not mandatory." *Zimmerman v. Shakman*, 204 Ariz. 231, 237, ¶ 21, 62 P.3d 976, 982 (App. 2003). "Arizona courts recognize that an overriding purpose of the Rules of Civil Procedure is to dispose of cases on the merits where errors in procedure can be characterized as harmless and non-prejudicial." *Hill v. Phoenix*, 193 Ariz. 570, 572, ¶ 10, 975 P.2d 700, 702 (1999); *accord DeLong v. Merrill*, 233 Ariz. 163, 168, ¶ 16, 310 P.3d 39, 44 (App. 2013). We do not endorse interpreting and applying the Rules to create a "trap for the unwary," particularly where no prejudice has resulted. *Simon v. Maricopa Medical Ctr.*, 225 Ariz. 55, 60, ¶ 16, 234 P.3d 623, 628 (App. 2010). Here, Faraji's response to the City's second motion to dismiss was late by three days, and there is no contention,

---

[7] At the outset, the City argues Faraji's appeal should be dismissed because he did not move to set aside the dismissal under Rule 60(c), citing cases addressing default judgment and Rule 60(c). We disagree. The dismissal here was not a default judgment and thus, a motion to set aside the dismissal is not required for this court to have jurisdiction. *Cf. Sears Roebuck & Co. v. Walker*, 127 Ariz. 432, 434–35, 621 P.2d 938, 940-41 (App. 1980) (stating this court lacks jurisdiction over an appeal from a default judgment if the appellant has not first moved in the trial court to set the judgment aside); *Sullivan & Brugnatelli Adver. Co. v. Century Capital Corp.*, 153 Ariz. 78, 80, 734 P.2d 1034, 1036 (App. 1986) (holding an order setting aside, or refusing to set aside, a default judgment is appealable). None of the cases cited by the City supports its proposition that, before this court has jurisdiction over an appeal from a dismissal for lack of prosecution, the appellant must have sought relief from the dismissal in the trial court under Rule 60(c). We also deny the City's request to strike Faraji's opening brief and to dismiss the appeal on the ground that he did not file the brief on time. Faraji's brief was filed one day after the extended period of time ordered by this court; in our discretion, we accept the brief and decide the appeal on its merits.

let alone evidence, that the City was prejudiced by the three-day delay in receipt of the response.

**¶5**     In its motion to dismiss, the City urged two grounds for dismissal—Rules 38.1(f) and 41(b); on this record, however, neither ground would have warranted dismissal, let alone dismissal with prejudice. First, Rule 38.1(f) requires the trial court place a case on the dismissal calendar if a Joint Report and a Proposed Scheduling Order have not been filed within 270 days after the commencement of the complaint. This Rule further requires the court dismiss the case without prejudice if the plaintiff has not moved to continue the case, or filed such a report or an order within sixty days after the case is placed on the dismissal calendar. Rule 38.1(f).

**¶6**     At the time the City filed its second motion to dismiss, 270 days had not yet passed since Faraji filed his complaint. By the time the court ruled on the motion, however, this time limit had been exceeded and Faraji had not filed a Joint Report or a Proposed Scheduling Order. Even assuming a technical violation of Rule 38.1(f), the next procedural step for the court under this Rule would have been to place the case on the dismissal calendar. If Faraji still failed to comply, or move to continue, after the case had been on the dismissal calendar for sixty days, the next step for the court would have been to dismiss the case without prejudice, pursuant to Rule 38.1(f), not with prejudice as in the present case.

**¶7**     Second, the City would not have been entitled to dismissal with prejudice under Rule 41(b). Rule 41(b) allows the court to dismiss a case based on a plaintiff's failure to comply with the Rules or a court order, or to prosecute the case. That Rule provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41(b).

**¶8**     As an initial matter, the City has never contended Faraji violated a court order. Instead, the City contends Faraji failed to comply with procedural Rules 16 (case management) and 26 (discovery/disclosure) as he had not yet submitted an initial disclosure statement, requested the

setting of any Rule 16 conferences, or submitted any disclosure or discovery requests. On this record, because the City has not proffered any evidence or argument that those failures prejudiced the City, we decline to endorse the procedural approach urged by the City as a basis for the dismissal of the case with prejudice.

**¶9** The City further contends Faraji's failure to comply with Rules 16 and 26 demonstrate his abandonment of the case. To justify a dismissal for lack of prosecution, the record must reflect that the delay in prosecution demonstrates "either that the cause of action has been abandoned by plaintiff or else that it has resulted in injury to some[]one not responsible for the delay." *Price v. Sunfield*, 57 Ariz. 142, 148, 112 P.2d 210, 212 (1941); *accord Cooper v. Odom*, 6 Ariz. App. 466, 469, 433 P.2d 646, 649 (1967).

**¶10** Faraji argues he had taken reasonable steps to timely prosecute this action. For example, he had immediately tried to join additional plaintiffs after filing the complaint. Any delay in case management and discovery was understandable given the number of the City's procedural motions and the time it took to respond to those motions, and the uncertainty about whom all of the plaintiffs would eventually be. Moreover, at the time the City filed its second motion, only three months had lapsed since the court's latest order. On this record, and in comparison with the reported cases analyzing a failure to prosecute, the passage of three months does not support a finding that Faraji had abandoned his case. *See Slaughter v. Maricopa Cty.*, 227 Ariz. 323, 326–27, ¶¶ 15, 17, 258 P.3d 141, 144–45 (App. 2011) (affirming a dismissal for lack of prosecution because the plaintiff had not prosecuted the case for more than two years since she first amended her complaint); *see also Price*, 57 Ariz. at 145, 112 P.2d at 211 (four years); *Old Republic Nat'l Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 530, ¶ 16, 233 P.3d 639, 643 (App. 2010) (two and a half years); *Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 88, 859 P.2d 196, 198 (App. 1993) (fourteen months). On the other hand, the City has not proffered any evidence or arguments demonstrating that the City had suffered any prejudice as a result of the scheduling or disclosure delay. Accordingly, the trial court should not have dismissed the case with prejudice for lack of prosecution.

**CONCLUSION**

**¶11** The trial court's judgment is reversed. Faraji is awarded his costs on appeal, subject to compliance with ARCAP 21. The case is remanded for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED : ama