NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STEVEN ADAIR, et al.,
*Plaintiffs/Appellants*,

*v.*

JAGNDEEP S BAJWA, DMD, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 17-0107
FILED 3-13-2018

_____

Appeal from the Superior Court in Maricopa County
No. CV2015-095338
The Honorable David M. Talamante, Judge

**AFFIRMED**

_____

COUNSEL

Porter Law Center Chartered, Gilbert
By Bernald C. Porter
*Counsel for Plaintiffs/Appellants*

Schneider & Onofry, PC, Phoenix
By Susan I. McLellan, Luane Rosen
*Counsel for Defendant/Appellee Bajwa*

Broening, Oberg, Woods & Wilson, PC, Phoenix
By Katherine M. Corcoran, Alicyn M. Freeman
*Counsel for Defendants/Appellees Smith, et al.*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1        Steven Adair appeals the superior court's dismissal of his dental-malpractice complaint.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        On October 13, 2015, Adair filed a complaint against dentists Jagandeep Bajwa, Adam Smith and Lynda Smith, along with the Smiths' corporate entities.  At the same time, he filed a certificate stating he would need to offer expert witness testimony to prove the standard of care pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2603 (2018).[1]

¶3        Adair successfully served the Smiths and at least one of their corporate entities, but did not immediately serve Bajwa.  Bajwa's attorney wrote Adair's lawyer on October 30, 2015, offering to accept service on behalf of her client.  It was not until on or about March 11, 2016, however, that Adair sent a waiver of service, which Bajwa promptly returned for filing.  Adair did not file the acceptance of waiver until May 24; Bajwa answered the complaint on June 1.

¶4        On July 5, Bajwa's lawyer emailed Adair's lawyer, reminding him that disclosures soon would be due and asking for signed medical releases.  Bajwa also served interrogatories and requests for production of documents.  Meanwhile, on July 13, superior court administration issued a notice advising that the case had been placed on the inactive calendar for dismissal on September 12, 2016.  The notice stated that if Adair wanted to have the case continued, he would need to file a motion showing good cause within enough time that the court would be able to grant it before the September 12 dismissal deadline.  On July 28, Bajwa's lawyer sent a letter to Adair's lawyer to complain that Adair had not responded to the pending discovery requests, had failed to provide signed medical releases and had

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

failed to provide the required disclosures and expert affidavit. Adair's lawyer responded by email that he had been out of town for three family weddings and that he would "be able to respond to [the] letter no later than August 20, 2016."

¶5 On September 12 – the date the case was due to be dismissed off the inactive calendar – Bajwa moved to dismiss the complaint, citing Adair's failure to produce an expert witness affidavit, respond to discovery requests and serve an initial disclosure statement. In response, Adair asked for an extension of 60-90 days to provide the required discovery. His response asserted disclosures would be premature because the Smith defendants had not yet answered the complaint. Adair's lawyer also stated that he had been unable to communicate with his client, a firefighter on duty in Northern California, and asserted the case had been delayed because "many attempts" to serve Bajwa "were met with failure because of the defendant's avoidance or his unavailability."

¶6 The superior court heard argument on the motion to dismiss on November 9, 2016, 13 months after Adair filed the complaint. Defense counsel reported that Adair had emailed an expert affidavit to them the day before the hearing, but asserted the affidavit did not comply with A.R.S. § 12-2604 because it was from a specialist, and Bajwa is not a specialist. For his part, Adair's lawyer stated he had been beset by health problems beginning 12 months before, and reiterated that he had had difficulty making contact with Adair because of Adair's job duties. Defense counsel replied that, until the day before the hearing, they had heard nothing about counsel's health problems.

¶7 The court granted the motion to dismiss, stating that even though it sympathized with counsel's health issues, "the failure to prosecute for over a year, leads me to conclude that the matter needs to be – should be dismissed with prejudice for failure to prosecute and for failure to comply with [§] 12-2603."

¶8 Adair timely appealed; we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).

## DISCUSSION

¶9 "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Ariz. R. Civ. P. 41(b); *see Cooper v. Odom,* 6 Ariz. App. 466, 469 (1967) (superior court has inherent power to dismiss case not prosecuted diligently). The court also may dismiss an

action when a plaintiff fails to comply with disclosure requirements. Ariz. R. Civ. P. 37(b)(2)(A)(v), (c)(3)(C). In Maricopa County, a "civil action shall be dismissed for failure to prosecute upon written motion and notice to opposing counsel, at the discretion of the court" for "appropriate reasons." Maricopa County Super. Ct. Loc. Prac. R. 3.6(a)(3). Dismissal for failure to prosecute "operates as an adjudication on the merits," Ariz. R. Civ. P. 41(b), which we will review for an abuse of discretion, *Slaughter v. Maricopa County*, 227 Ariz. 323, 326, ¶ 14 (App. 2011). "A court abuses its discretion when its ruling is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Henderson v. Henderson*, 241 Ariz. 580, 590, ¶ 31 (App. 2017) (quotation omitted).

¶**10**         The record amply supports the superior court's exercise of discretion in dismissing Adair's complaint for failure to prosecute under Rule 41(b), including the failure to comply with discovery requirements under Rule 37(c)(3)(C). Even though Bajwa's lawyer offered to accept service within a month after the complaint was filed, it took Adair nearly seven months more to complete service. After that, he did little to prosecute the case until he served an unsigned expert affidavit the day before oral argument on the motion to dismiss. Rule 26.1 required Adair to serve his initial disclosures, including a formal disclosure statement setting forth the factual basis of his claims and identifying all documents that might be relevant to the action and all persons who may have knowledge relevant to the claims, within 40 days after Bajwa answered the complaint on June 1. The same deadline applied to his obligation under § 12-2603(B) to serve his initial expert witness affidavit. But Adair served no disclosure statement and did not provide an affidavit until the day before oral argument on the motion to dismiss, five months after Bajwa's answer. Moreover, Adair does not dispute that he had failed to respond to Bajwa's discovery requests and had not provided the requested medical releases that would have allowed the defense to gather evidence from third parties.

¶**11**         Nor did Adair timely seek relief from the superior court's order placing the case on the inactive calendar, which directed him to file a motion to continue, show good cause and obtain leave of the court by September 12 or face dismissal. The purpose of the inactive calendar is to "bring to the attention of the court and the attorneys involved the fact that ample time ha[s] elapsed in which to prepare a case for trial." *Black v. Greer*, 17 Ariz. App. 383, 385 (1972). Beyond objecting to Bajwa's motion to dismiss, the record does not reflect any steps Adair took to prosecute his case between when it was placed it on the inactive calendar and the day before oral argument on the motion to dismiss.

¶12        Further, the court did not err by disregarding Adair's protest that he was not responsible for the delay at the outset of the case because it had been difficult to serve Bajwa with the complaint.  The record demonstrated that, contrary to Adair's assertions, his lawyer knew by late October 2015 that Bajwa would waive service, but it took Adair nearly seven months to file the executed waiver of service, which triggered Bajwa's duty to respond to the complaint and the corresponding disclosure obligations and deadlines.  Nor, contrary to Adair's protestations, did the Smith defendants' delay in answering the complaint justify Adair's failure to make disclosures.  The complaint alleged that it was Bajwa who negligently performed the dental procedure at issue; it named the Smith defendants based only on *respondeat superior*, in their capacity as Bajwa's employer.  Finally, Adair does not argue he lacked notice or an opportunity to be heard on the dismissal.  *See Old Republic Nat. Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 531, ¶ 23 (App. 2010) (no abuse of discretion when plaintiff "was properly given notice and an opportunity to be heard regarding the dismissal of its action").

¶13        Adair contends the superior court erred in denying his request for additional time to serve an expert witness affidavit pursuant to § 12-2603.  In explaining its ruling on the motion to dismiss, however, the superior court made clear that it was Adair's overall failure to prosecute, not a failure to comply with § 12-2603, that caused the court to dismiss the complaint:

> If we were talking only about compliance with the statute, I might be willing to give the Plaintiff additional time to procure an affidavit. . . .
>
> And although I am also empathetic with the Plaintiff's counsel, Mr. Porter's medical issues with the time involved here and the failure to prosecute for over a year, leads me to conclude that the matter needs to be – should be dismissed with prejudice for failure to prosecute and for failure to comply with the [§] 12-2603.  So that's my ruling.  The matter is dismissed with prejudice.

¶14        Nothing in the record suggests the court unreasonably exercised its discretion when it dismissed Adair's complaint for failure to prosecute.  Having delayed for several months to effect service after Bajwa offered at the outset to waive service, Adair failed to make any of the disclosures that Rule 26.1 requires and failed to respond to any of Bajwa's long-pending discovery requests.  Nor did Adair provide signed medical

releases to enable the defendants to proceed with third-party discovery. Finally, on notice that his case was scheduled for dismissal off the inactive calendar, he did nothing to prevent dismissal for failure to prosecute.

## CONCLUSION

**¶15** For the foregoing reasons, we affirm the superior court's order dismissing the complaint and award Bajwa and the Smiths their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA