NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS HESHION, *Plaintiff/Appellant,*

*v.*

GENTRY WEALTH MANAGEMENT, et al., *Defendants/Appellees.*

CHRISTOPHER G. LINSCOTT, *Intervenor/Appellee.*

No. 1 CA-CV 24-0754

FILED 10-08-2025

Appeal from the Superior Court in Maricopa County
No. CV2020-003915
CV2021-011133
The Honorable Jennifer C. Ryan-Touhill, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

Coppersmith Brockelman PLC, Phoenix
By Gabriel Robert Aragon
*Counsel for Defendants/Appellees*

K W Law LLP, Phoenix
By Michael A. McCanse
*Co-Counsel for Plaintiff/Appellant*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Mesch Clark & Rothschild PC, Tucson
By Frederick J. Petersen
*Counsel for Intervenor*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Andrew M. Jacobs joined.

---

**C A T L E T T**, Judge:

¶1　　　　Thomas Heshion ("Heshion") appeals the superior court's judgment dismissing his complaint for failure to prosecute. He also argues the court erred in finding that a lis pendens he recorded was groundless. Because Heshion's notice of appeal did not list the order removing the lis pendens and he has separately appealed that order, we dismiss the lis pendens issue. Because the court did not abuse its discretion in dismissing Heshion's complaint for failure to prosecute, we affirm the judgment.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　In July 2021, Heshion filed a complaint ("2021 Complaint") against Gentry Wealth Advisors LLC and multiple individuals and entities (collectively "Defendants"), alleging they improperly removed him as manager of an entity called 1881 Preserve LLC ("1881 Preserve"). Heshion alleged Defendants held a meeting without his knowledge and illegally amended 1881 Preserve's operating agreement, which deprived him of over six million dollars in shares and ninety percent ownership. The 2021 Complaint included thirteen counts ranging from fraudulent concealment to breach of contract.

¶3　　　　In May 2022, Heshion moved to consolidate his 2021 Complaint with a separate case 1881 Preserve had filed in 2020 ("2020

2

Case"), in which Heshion was a defendant and counterclaimant. Heshion's 2021 Complaint made allegations like those he made in his counterclaim in the 2020 Case. The court granted consolidation. In August 2022, Heshion amended his 2021 Complaint.

¶4            Meanwhile, the parties litigated the claims in the 2020 Case. The parties disputed whether the court should enforce a settlement agreement for payment of a promissory note and whether it should authorize 1881 Preserve to sell property. Heshion provided separate witness and exhibit lists for hearings regarding whether the court should appoint a receiver ("the Receiver") over 1881 Preserve and authorize it to sell property.

¶5            In October 2022, Heshion recorded a lis pendens against 1881 Preserve's property. The Receiver disputed the validity of the lis pendens. The court found Heshion's filing "had nothing to do with [1881 Preserve]'s title to the real property—Heshion's issue was, and is, ownership of [1881 Preserve] itself." The court also found Heshion "knew he filed suit against various defendants to claim his *equitable* right of ownership of a *company*, not land." So the court found Heshion's lis pendens groundless and ordered it removed.

¶6            In December 2022, the parties asked the court to issue a scheduling order. In the resulting order, the court set September 29, 2023, as the discovery deadline and October 20, 2023, as the dispositive motion deadline. The court did not set a trial date. The parties to the 2021 Complaint informed the court they "need[ed] to take discovery" but said they anticipated exchanging disclosure statements at the beginning of 2023 and proceeding with discovery by the discovery deadline.

¶7            In January and April 2023, Heshion responded to Defendants' motions to dismiss various counts of his 2021 Complaint. In July 2023, after reaching a settlement agreement, Heshion dismissed certain Defendants from the 2021 Complaint.

¶8            Three months before the three-year anniversary of the 2021 Complaint, in April 2024, Defendants moved to dismiss the 2021 Complaint for failure to prosecute. Heshion responded, conceding the deadlines in the scheduling order had passed, but arguing that was because the case was "extremely complicated" and had "a lot of moving parts."

¶9            More than two months after Defendants moved to dismiss, and just one day before oral argument on that request, Heshion moved for

summary judgment on a single issue raised in the 2021 Complaint—the validity of 1881 Preserve's amended operating agreement.

¶10         Following oral argument, the court dismissed the 2021 complaint for failure to prosecute.  The court found that, despite filing the 2021 Complaint nearly three years earlier, Heshion failed to complete timely discovery or otherwise comply with its scheduling order.  The court also denied Heshion's motion for summary judgment because it came after the dispositive motion deadline and it was "reasonable to assume" the parties would "strenuously disagree" about the material facts.  The court emphasized the various steps Heshion failed to take to prosecute his claims, including failing to: "(1) make Rule 26.1 disclosures for witnesses, declarations, or affidavits, (2) make Rule 26.1 disclosures for damages suffered, (3) identify trial witnesses, (4) notice and conduct depositions, (5) propound discovery requests, and (6) make any supplemental disclosures."  The court also found that Heshion's failure to prosecute prejudiced Defendants because they had to hire a lawyer and endure the "stress and anxiety" of Heshion's accusations.  The court entered judgment dismissing the 2021 Complaint with prejudice.  Heshion timely appealed.

## JURISDICTION

¶11         Heshion makes two arguments.  First, the superior court erred by finding his lis pendens groundless.  Second, the court erred by dismissing his 2021 Complaint for failure to prosecute.  The Receiver argues we lack jurisdiction over the lis pendens decision because Heshion did not appeal from the order making the groundlessness finding.

¶12         This court has a "duty to determine whether it has jurisdiction to consider an appeal."  *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997).  A party may appeal "[f]rom a final judgment entered in an action . . . commenced in a superior court[.]"  A.R.S. § 12-2101(A)(1). The notice of appeal must "[d]esignate the judgment . . . from which the party is appealing[.]"  Ariz. R. Civ. App. P. 8(c)(3).  But "[f]ailure of an appellant . . . to perform an act other than the timely filing a notice of appeal . . . does not affect the appellate court's jurisdiction, but the failure may be grounds for . . . dismissal of the appeal[.]"  Ariz. R. Civ. App. P. 8(d).

¶13         Contrary to the Receiver's argument, we do not lack jurisdiction over the order finding Heshion's lis pendens groundless.  But that does not mean we must consider it.  *See* Ariz. R. Civ. App. P. 8(d).

¶14         Heshion's notice of appeal states that he "appeals the final judgment entered on August 27, 2024" and the "July 3, 2024 Minute Entry

Ruling[.]" That judgment and minute entry relate only to the court's decision dismissing the 2021 Complaint for failure to prosecute. They do not include the decision removing the lis pendens as groundless.

**¶15** More importantly, approximately five months after filing this appeal, Heshion filed a second appeal challenging the court's lis pendens decision. The Receiver has not contested jurisdiction in that appeal, which is now fully briefed and set for oral argument in November 2025.

**¶16** We, therefore, dismiss Heshion's lis pendens arguments and will not address them. We express no view on the merits of Heshion's arguments about the lis pendens. We do have jurisdiction over Heshion's appeal of the judgment dismissing the 2021 Complaint, *see* A.R.S. § 12-2101(A)(1), to which we now turn.

## DISCUSSION

**¶17** Heshion argues the superior court erred by dismissing his complaint based on a failure to prosecute. We review a dismissal for failure to prosecute for an abuse of discretion. *Slaughter v. Maricopa County*, 227 Ariz. 323, 326 ¶ 14 (App. 2011).

**¶18** "[I]t is the duty of the plaintiff to see that his case is brought up for trial within a reasonable time." *Price v. Sunfield*, 57 Ariz. 142, 148 (1941). "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action[.]" Ariz. R. Civ. P. 41(b).

**¶19** The superior court may dismiss for failure to prosecute when a party abandons claims or engages in "[m]ere delay" prejudicing another party. *Price*, 57 Ariz. at 148; *Cooper v. Odom*, 6 Ariz. App. 466, 469 (1967). The superior court must consider the totality of circumstances before granting dismissal. *Jepson v. New*, 164 Ariz. 265, 276 (1990). It must also give "notice and an opportunity to be heard[.]" *Old Republic Nat'l Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 531 ¶ 23 (App. 2010).

**¶20** Heshion argues he actively prosecuted his 2021 Complaint and lists several actions he claims he took to do so. But most of those actions involved the 2020 Case, not the 2021 Complaint.

**¶21** For example, Heshion claims he filed a witness and exhibit list, but that was for a hearing about appointing a receiver over 1881 Preserve—a request pertinent to the 2020 Case. Heshion claims the parties filed a joint pretrial statement in May 2024, so they "were perfectly prepared for a short trial." But that too misses the mark. The joint pretrial

statement was for a hearing about the Receiver's authority to sell 1881 Preserve's property—again, an issue in the 2020 Case. Although Heshion argued that the court should first adjudicate his 2021 Complaint before authorizing the land sale, he has not established that the Receiver's ability to sell property impeded his ability to prosecute his claims in the 2021 Complaint.

¶22 Heshion also points to other actions he took, including objecting to the sale of property, opposing the enforcement of a settlement agreement, and defending his lis pendens. But none of those actions materially advanced his affirmative claims in the 2021 Complaint stemming from his allegations that Defendants improperly amended 1881 Preserve's operating agreement and excluded him from a meeting.

¶23 To be sure, Heshion did take some actions relating to the 2021 Complaint. He responded to the Defendants' motions to dismiss and counterclaims and filed a motion for summary judgment. But defensively responding to motions to dismiss and counterclaims is not affirmatively prosecuting one's claims—like taking discovery or providing disclosures would be. And Heshion's summary judgment motion came just one day before oral argument on the motion to dismiss for lack of prosecution— more than two months after Defendants filed that motion and eight months after the dispositive motion deadline. Based on that timing, it is hard not to conclude that Heshion realized he had sat on his claims for too long, prompting him to seek summary judgment as a last-ditch effort to avoid dismissal. At the very least, we cannot say the superior court abused its discretion by dismissing the 2021 Complaint despite Heshion's motion.

¶24 Heshion also contends that all the parties abandoned the court's scheduling order. That contention, even if accurate, is irrelevant. If Heshion thought the plaintiff in the 2020 Case had flouted the scheduling order or otherwise not prosecuted its claims, he could have asked the court to dismiss those claims for failure to prosecute. But he cannot defend his failure to prosecute by alleging another party also failed to prosecute. Two wrongs do not make a right.

¶25 Heshion was the plaintiff—plaintiffs prosecute cases, defendants defend them. Heshion cannot blame 1881 Preserve for his own failure to prosecute his claims in the 2021 Complaint. *Price*, 57 Ariz. at 148-49 ("While it is true that a defendant may, if he desires, call a case up for setting when it is at issue, he is not obliged to do so, and his failure does not excuse the plaintiff from the responsibility of seeing that the case is set for trial, under penalty of a dismissal.").

**¶26** In any event, Heshion does not establish that 1881 Preserve's alleged actions (or inactions) in the 2020 Case prevented him from prosecuting the 2021 Complaint. *See Jepson*, 164 Ariz. at 276. All Heshion did to further his 2021 Complaint was—at best—respond to motions to dismiss and counterclaims, record a lis pendens, and move for summary judgment on the eve of oral argument on Defendants' motion to dismiss. On the other hand, the superior court concluded Heshion failed to make required Rule 26.1 disclosures, identify trial witnesses, propound written discovery, and notice and conduct depositions. Such failures subvert the discovery process. *See* Ariz. R. Civ. P. 37(h) (calling "[t]imely and full compliance with Rules 26, 26.1, and 26.2 . . . essential to the discovery process . . . [and] trial preparation[.]") The superior court did not abuse its discretion by concluding Heshion failed to prosecute his claims. *Old Republic Nat'l Title Ins. Co.*, 224 Ariz. at 531 ¶ 22.

**¶27** The court also found Heshion's failure to prosecute prejudiced Defendants because they had to hire a lawyer and endure the "stress and anxiety" of his accusations. On appeal, Heshion argues in passing that "no party had suffered any realistic prejudice." But he did not argue in his written response to Defendants' motion to dismiss in the superior court that Defendants suffered no prejudice. We also cannot know what arguments Heshion or Defendants made at oral argument on Defendants' motion to dismiss because he has not provided us with a transcript of that oral argument. And Heshion has not adequately developed his "no prejudice" argument on appeal. The argument is waived. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived."); *Cruz v. City of Tucson*, 243 Ariz. 69, 75 ¶ 25 (App. 2017) ("In the absence of the transcript, we presume it supports the court's ruling."); *State v. Moody*, 208 Ariz. 424, 452 n. 9, ¶ 101 (2004) (failure to develop argument usually results in abandonment and waiver of issue).

## ATTORNEY FEES AND COSTS

**¶28** Defendants request attorney fees and costs pursuant to A.R.S. § 12-341.01. In the exercise of our discretion, we grant Defendants' attorney fees and costs on appeal, subject to compliance with Arizona Rule of Civil Appellate Procedure 21. *See Britt v. Steffen*, 220 Ariz. 265, 268 ¶ 11 (App. 2008) (the successful party in a dismissal for lack of prosecution "qualifies for a possible award of attorneys' fees pursuant to A.R.S. § 12–341.01(A)").

**CONCLUSION**

**¶29** We dismiss the lis pendens issue and affirm the judgment dismissing the 2021 Complaint.



**MATTHEW J. MARTIN • Clerk of the Court**

**FILED**: JR